Ernest C. Hilton et ux. *v.* Gordon J. Platt et ux.

October Term, 1939.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed November 7, 1939.

*H. J. Holden* for the plaintiffs.

4

*Wm. R. McFeeters* for the defendants.

STURTEVANT, J. This case is here before final judgment under the provisions of P. L. sec. 2072 upon plaintiffs' exceptions to the order of the court below transferring this case from the Franklin County Court to the court of chancery.

In September, 1938, plaintiffs, who are husband and wife, brought an action at law in Franklin County Court against defendants, husband and wife. In this action plaintiffs seek to recover damages for alleged breaches of a covenant warranting title to certain lands contained in a deed given by defendants to plaintiffs October 13, 1925.

Plaintiffs allege that said covenant is broken because one E. A. Platt, the immediate predecessor in title of Gordon J. Platt, and while he was sole owner of said lands, conveyed to the town of Highgate a roadway across said lands and that this roadway was reserved in the deed from said E. A. Platt to said defendant Gordon J. Platt. Also that while said Gordon J. Platt was sole owner of said lands and previous to October 13, 1925, he conveyed to one Eastman a right of way across said lands and a right to keep a boat on the lake shore on said lands and that also prior to October 13, 1925, and while said defendant Gordon J. Platt was sole owner of the lands here in question he had also conveyed to one Holmes a right to keep a boat on the lake shore on said lands with a right of way over and across said lands.

At the April Term, 1939, of Franklin County Court, defendants filed separate motions seeking to have this case transferred to the court of chancery. These motions were granted and the case transferred accordingly and plaintiffs had exceptions.

Defendants in their brief have summarized the grounds set forth in their motions as grounds for the transfer of the case to the court of chancery and we take up and consider the grounds as so summarized in the order as stated by defendants.

█ A. Defendants allege that it was the bargain and understanding that the roadway rights claimed to be owned by the town of Highgate should be excepted from the covenant and that plaintiffs had knowledge of the survey of said roadway as it appeared in the official records of said town.

However, it is not claimed that there was any fraud or mistake involved in making the deed. So far as appears the deed

was made as intended and its terms and scope were fully understood by the parties. Under these circumstances no ground for equitable relief appears. 23 R. C. L. 367, sec. 57, 53 C. J. 927, sec. 39, 28 L. R. A. (N. S.) 913, note entitled "Pleadings."

■ B. It is here stated that defendant Marion M. Platt was involved as a tenant by the entirety with her husband and that property rights between defendants cannot be determined in an action at law.

This is a matter which does not concern the plaintiffs in any manner and plaintiffs should not be required to be parties to any litigation instituted for the purpose of adjusting these rights.

■ C. It is stated that plaintiffs owe a certain mortgage note to one Foster H. Platt for the benefit of five tenants in common and that they are withholding $140.00 "as representing the share of the present defendant" for the recovery of which by way of offset or counterclaim defendant Gordon J. Platt states he has no plain or adequate remedy at law.

It appears that this note is not payable to defendant Gordon J. Platt but to one Dr. Foster H. Platt for the benefit of five tenants in common. Dr. Foster H. Platt is in charge of the collection of this note and can at any time bring a suit at law to collect it or any unpaid balance.

■ D. Defendants state that they have good reason to believe that other actions arising out of the same deed will be brought. It does not appear that this belief is brought about by anything plaintiffs have said. If defendants have present knowledge of some matter growing out of this deed that may cause plaintiffs to bring another suit at law against them at some future time, this cannot reasonably be urged as proper ground for requiring plaintiffs to transfer the present law action to chancery. The reasons for such belief should be stated.

■ E. Defendants also state that on October 1, 1937, plaintiffs gave the defendants a release of all claims by reason of warranty of title "as to certain important parts of the premises conveyed" by the deed in question. Defendants state that they paid plaintiffs $500 for this release "under mistake on the part of the defendants induced by the representations of the plaintiffs," and in the belief that all matters arising out of said deed were thereby terminated.

No claim is made that the release was obtained by fraud or

6

that plaintiffs made any fraudulent representations to induce the defendants to pay for the release. Neither is it claimed that the release does in fact reach the matters which are the basis of the law action.

■ F. It is stated that the highway right in the town of Highgate is only a survey made by the selectmen of that town in 1894 and that nothing since that time has been done toward claiming said right.

If the town of Highgate does not have the right or roadway as alleged by plaintiffs, of course such fact can be shown as a defense in the law action and non-user might affect the question of damages.

■ G. That because of the changed condition of the neighborhood, defendants state there could be no reasonable expectation of any claim by the town based upon said highway right.

If the town has the right the fact that defendants did not expect the town to exercise it does not constitute a defense in equity any more than it does in law.

■ H. It is claimed that Eastman did not record his deed until August 6, 1929, a date subsequent to the ''execution of the deed of October 13, 1925.'' If we construe this as being an assertion that the deed of October 13, 1925, was recorded before the deed given by defendant Gordon J. Platt to Eastman then defendants ask to go into equity so that they may use Eastman's delay in recording his deed to defend against a wrong done by one of the defendants. This needs no further comment.

■ I. As to the Holmes rights, defendants state that these rights have never been exercised and if they were it would be an advantage and not a damage to plaintiffs.

What is stated here may be material as to damages but no more so in equity than in law.

Defendants cite no authority in support of their contention that the grounds of their motions as hereinbefore considered furnish any basis for a transfer of this case from law to equity. As stated by defendants the motion must stand or fall upon the allegations contained therein as showing the basis for equity jurisdiction. Since no such grounds appear in the motions the result is that:

*The order that this case be transferred to the court of chancery is reversed and cause remanded to Franklin County Court.*